IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HERMAN TRACY CLARK, )
)
    Petitioner, )
)
v. ) Case No. CIV-86-104-D
)
J.A. O'BRIEN, WARDEN, *et al.*,[1] )
)
    Respondents. )

## ORDER OF DISMISSAL

This case comes before the Court upon a *pro se* filing by Petitioner entitled, "Rule 60(b) Motion to Vacate and Set Aside Judgment" [Doc. No. 30]. Petitioner first sought federal habeas relief under 28 U.S.C. § 2254 in 1986 from a state court conviction of first-degree murder and a life sentence imposed in 1975.[2] The petition was denied on the merits on August 11, 1986. On March 9, 2006, the Court denied an application by Petitioner to reopen his case, and on appeal, the court of appeals denied, for the fourth time, authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) for Petitioner to file a second or successive § 2254 petition. *See Clark v. O'Brien*, No. 06-6115 (10th Cir. Aug. 28, 2006); *Clark v. Sirmons*; No. 04-6278 (10th Cir. Oct. 13, 2004); *Clark v. Oklahoma*, No. 01-6164 (10th Cir. May 29, 2001); *Clark v. Oklahoma*, No. 00-6303 (10th Cir. Sept. 22, 2000). A subsequent application was also denied. *See Clark v. O'Brien*, No. 06-6319 (10th Cir. Nov. 9, 2006).

---

[1] Petitioner informs the Court that he is now in custody of the Oklahoma Department of Corrections and confined in a facility where Eric Franklin is warden. For reasons below, the Court finds no substitution of parties is needed.

[2] Petitioner received a death sentence in 1975 that was modified on direct appeal. *See Clark v. State*, 558 P.2d 674, 679 (Okla. Crim. App. 1977).

By his Motion, Petitioner again seeks to reopen his case under Fed. R. Civ. P. 60(b).[3] He relies on recent case law distinguishing a "true" Rule 60(b) motion from one that must be treated as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *Berryhill v. Evans*, 466 F.3d 934, 937 (10th Cir. 2006). Petitioner attempts to bring his case within the scope of Rule 60(b) by arguing that the presiding judge, the Honorable Ralph G. Thompson, made an erroneous procedural ruling that precluded a merits determination (by applying § 2254(d)'s presumption of correctness to the state court's factual findings) and failed to address the merits of some claims (declaring the issues raised to be frivolous and obviously without merit). However, applying the analysis endorsed by *Spitznas*, the Court concludes that Petitioner's Motion is actually a second or successive petition for which prior authorization is required. Thus, the Court lacks jurisdiction.[4] *See Berryhill*, 466 F.3d at 938.

Under *Spitznas*, a determination that a Rule 60(b) motion is a second or successive petition would ordinarily cause the matter to be transferred to the court of appeals for consideration pursuant to § 2244(b)(3). The court of appeals recently clarified, however, that a district court has discretion to determine whether a transfer is warranted. The Tenth Circuit held in *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008): "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Under the circumstances of this case, the Court finds a transfer is not in the interest of justice.

---

[3] Petitioner also invokes Rule 60(d) and Rule 15(c), which are inapplicable under the circumstances.

[4] If the Motion were found to be a "true" Rule 60(b) motion, the Court would deny it as untimely under Rule 60(c)(1).

IT IS THEREFORE ORDERED that Petitioner's Rule 60(b) Motion to Vacate and Set Aside Judgment [Doc. No. 30] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 9th day of March, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE